IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § | Criminal Action No. 1:04-CR-76 |
| MARCUS TREMAIN ARNOLD | § § § § § § | JUDGE RON CLARK |

**MEMORANDUM OPINION**

A jury found Defendant Marcus Arnold guilty of possession with intent to distribute more than 50 grams of crack in violation of 21 U.S.C. § 841(a) ("Count 1"), possession of a firearm by a felon in violation of 18 U.S.C. § 992(g)(1) ("Count 2"), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Count 3"). [Doc. # 60]. He was sentenced to life with ten years of concurrent supervised release for Count 1, a concurrent sentence of 120 months with three years of concurrent supervised release for Count 2, and a consecutive sentence of 60 months with five years of concurrent supervised release for Count 3. [Doc. # 77 & 79]. On appeal, the Court affirmed this court's evidentiary rulings at trial, and remanded for consideration of "whether Arnold was aware before trial that a mandatory life sentence could be imposed upon his conviction; and, if not, whether, in this particular case, such ignorance did in fact make any difference in the defense conduct respecting the case." [Doc. #90, p. 18].

It is not completely clear from the appellate Court's opinion remanding the case, nor from the authorities cited therein, whether the burden is on the government to show by a preponderance

of the evidence that Arnold had notice, or whether it was Arnold's burden to show that he did not. In this case, I concluded that regardless of where the burden was placed, the result was the same.

As stated in more detail on the record of the hearing on remand, I find that Arnold did not have actual notice that he would face a mandatory life sentence if he was found guilty by a jury. As noted in the chronological summary of events I gave at the hearing, Arnold was told by two different United Stated Magistrate Judges that he faced a sentence of ten years to life. Arnold's first trial ended in a mistrial. Only after the jury found him guilty at the second trial did the government file an amended notice of sentencing enhancement, which put Arnold on notice of the mandatory life sentence.

Arnold's trial attorney, Mr. Alford, testified that he discussed with Mr. Arnold what the possible punishment would be if Arnold went to trial on the case, but did not recall specifically going over with him the Notice of Enhancement or recall the specific words used in that discussion. [Doc #104, p. 30]. Even if Arnold was told of all of the earlier statements made by the Assistant United States Attorney that indicated the government might pursue a life sentence, these were not in any documents. They could easily be taken, even by an attorney, as statements made in the course of negotiations.

If the burden of proof is on Arnold, the court finds that it is more likely than not that he did not have actual notice he was facing a mandatory life sentence. Two Judges had informed Arnold to the contrary in open court. Their pronouncements were never rescinded, nor clearly contradicted by the government prior to the second trial. Alford told Arnold that if he was convicted, life imprisonment was "a possibility." That is not the same as being informed of a mandatory life sentence. If the burden is on the government it is clear that it has not been met.

I also find that Arnold's ignorance of the mandatory life sentence did, in fact, make a difference in the defense conduct respecting the case. For a thirty-two year old man, the prospect of facing a mandatory life sentence is much more severe than a punishment range of ten years to life. Without notice that he would face a mandatory enhancement of a life sentence, Arnold did not have adequate information to decide whether to enter a plea or go to trial. Therefore, Arnold's substantive rights were affected.

Arnold has been remanded to the custody of the Bureau of Prisons to await a determination of his appeal, given the findings by this court.

So **ORDERED** and **SIGNED** this **7** day of **February, 2007.**

_____
Ron Clark, United States District Judge